UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL WALLIN SMITH,<br><br>Defendant. | Case No. 1:09-cr-00031-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Michael Smith's Motion for Early Termination of Supervised Release (Dkt. 41). For the reasons explained below the Court will grant the Motion.

## BACKGROUND

In February 2009, Mr. Smith was indicted for violation of 21 U.S.C. § 841 (Possession with Intent to Distribute Methamphetamine) and 18 U.S.C. § 922(g) (Unlawful Possession of a Firearm). (Dkt. 41). In May 2010, after entering a plea agreement, Mr. Smith was sentenced to 120 months of incarceration in federal custody, concurrent to a previous state court sentence, followed by 8 years of supervised release.

While incarcerated, Mr. Smith completed a variety of educational,

vocational, and health and rehabilitation programs including a drug education and non-residential drug and alcohol program. Mr. Smith also regularly attended Narcotics Anonymous and Church services. Upon his release from federal custody to the Residential Reentry Center, Mr. Smith quickly found employment in a position that he still holds today.

Mr. Smith has continuously performed all obligations of supervision and claims that his "commitment to sobriety is unshakable." (Dkt. 41). Both probation and the government support this Motion.[1]

## ANALYSIS

The Court has broad discretion to impose terms of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); 18 U.S.C. § 3583(e)(1). This includes discretion to terminate such release after Defendant has served one year of their supervised release. *Id.* In deciding whether to terminate supervision, the court must review a number of sentencing factors which include:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of

---

[1] The government has not opposed this motion. Court staff reached out to counsel to confirm that that the government has not objection. Government counsel stated that the government does not oppose the motion. Additionally, counsel stated that he had reached out to the Defendant's probation officer in Mississippi, and the probation officer indicated that Mr. Smith has been a "model probationer" and that she supports Defendant's motion.

defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a) (5), (a)(6), and (a)(7).

*United States v. Evertson*, No. 4:06-cr-206-BLW, 2011 WL 841056, at *2 (D. Idaho Mar. 7, 2011) (citing *United States v. Smith*, 219 Fed. Appx. 666, 667 n.3 (9th Cir. 2007)). However, in rendering its decision the Court shall simply provide an explanation based on its consideration of such factors. *Emmett*, 749 F.3d 817, at 821-22. The Court need not elaborate unnecessarily. *Id.*

Reviewing Mr. Smith's accomplishments against the 3553(a) factors indicates that early termination is "in the interest of justice." 18 U.S.C. § 3583(e)(1). Mr. Smith has demonstrated an exceptional turnaround, and it's notable that his probation officer supports the motion. Plus the government has no objection. Accordingly, the Court will grant the pending motion.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Early Termination of Supervised Release (Dkt. 41) is **GRANTED**.

DATED: March 10, 2021

B. Lynn Winmill
U.S. District Court Judge